Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| HANS MANGUAL GUTIÉRREZ, CAROLINA CASELLAS CESTERO<br><br>Apeladas<br><br>v.<br><br>MARÍA DEL CARMEN MARGARIDA GODOY Y OTROS<br><br>Apelantes | TA2025AP00416 | APELACIÓN Procedente del Tribunal de Primera Instancia, Sala Superior de Salinas<br><br>Caso Núm.: SA2025CV00052<br><br>Sobre: Incumplimiento de Contrato |

Panel integrado por su presidenta, la jueza Lebrón Nieves, el juez Pagán Ocasio y la jueza Álvarez Esnard

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 8 de diciembre de 2025.

Comparece ante nos María del Carmen Margarida Godoy, por sí y como tutora de Mari Nilda Margarida Godoy, Mari Nilda Margarida Godoy y Diana Margarida Godoy (en conjunto, las "Apelantes"), mediante *Apelación* presentada el 6 de octubre de 2025. Nos solicita la revisión de la *Sentencia* emitida y notificada el 5 de septiembre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Humacao ("foro primario" o "foro *a quo*"). Por virtud del aludido dictamen, el foro primario desestimó, sin perjuicio, la demanda que inició este pleito, pues no se presentó prueba en cuanto a que los codemandados, Gladys Margarida Godoy, Rafael Margarida Umpierre, Teresa Margarida Godoy y Rafael Margarida Godoy fueron emplazados conforme a derecho.

Por los fundamentos que expondremos a continuación, **modificamos,** la sentencia apelada y así modificada, **confirmamos.**

### I.

Conforme se desprende del expediente, el 21 de febrero de 2025, el señor Hans Mangual Gutiérrez y la señora Carolina

Casellas Cestero (en conjunto, "los Apelados") incoaron *Demanda* sobre violación de contrato; prohibición de enajenación y cumplimiento específico y daños y perjuicios contra María Del Carmen Margarida Godoy, Rafael Margarida Godoy, Rafael Margarida Umpierre, Diana Margarida Godoy, Mari Nilda Margarida Umpierre, Gladys Margarida Godoy, Teresa Margarida Godoy, Wanda López Cortes, y Zoé Mercado Blasini (en conjunto, "los codemandados").[1] Mediante esta, alegaron que en junio del año 2020, "las [p]artes otorgaron contrato de compraventa sobre un solar en el Barrio Playita del término municipal de Salinas, Puerto Rico, por el convenido y ajustado precio de QUINIENTOS MIL DOLARES ($500,000.00)".[2] Adujeron que como parte del contrato, depositaron diez mil dólares (10,000.00) como garantía mediante un cheque depositado el 17 de junio de 2020. Asimismo, explicaron que el 17 de noviembre de 2021, la señora Wanda López le envió a Carolina Casellas Cestero, "un correo electrónico con un 'borrador' de OTRO contrato de compraventa sobre la misma propiedad objeto del presente litigio, idéntico al contrato original otorgado y firmado por las Partes, pero con un aumento en el precio de Compraventa, de QUINIENTOS MIL DOLARES ($500,000.00) a SETECIENTOS CINCUENTA MIL DOLARES ($750,000.00)".[3]

Esgrimieron que, intercambiaron correos electrónicos con los codemandados, en los cuales reiteraron los compromisos contractuales de junio de 2020, su disponibilidad para otorgar la escritura de compraventa y saldar el balance adeudado de cuatrocientos noventa mil dólares ($490,000.00). Ante este cuadro, los Apelados aludieron que los codemandados se encontraban

---

[1] Véase, SUMAC TPI, Entrada 1.
[2] Véase, SUMAC TPI, Entrada 1. pág. 2.
[3] Véase, SUMAC TPI, Entrada 1. pág. 2.

obligados a cumplir con el contrato de compraventa otorgado entre las partes en junio de 2020.

Por tal razón, argumentaron que, debido a actuaciones culposas y negligentes realizadas por los codemandados, estos están violando el aludido contrato de compraventa existente entre las partes desde junio de 2020. De esta forma, los Apelados esgrimieron que sufrieron una pérdida económica ascendiente a doscientos cincuenta mil dólares ($250,000.00). Además, estimaron sus daños por sufrimientos y angustias mentales en un monto total de seiscientos mil dólares ($600,000.00). Por último, solicitaron veinticinco mil dólares ($25,000.00) por concepto de honorarios de abogado.

En vista de lo anterior, los Apelados también peticionaron los siguientes remedios:

1. Se solicita respetuosamente de este Honorable Tribunal que expida Orden interlocutoria dirigida a todos los Co-Demandados prohibiendo la venta, cesión, enajenación o traspaso de cualquier título o participación que posean en el inmueble objeto de este pleito, a nombre propio o a nombre de terceros.

2. También se solicita respetuosamente de este Honorable Tribunal que Ordene al Honorable Registrador de Guayama, a manera de *Lis Pendens*, que anote en la finca correspondiente la prohibición de venta, cesión, enajenación o traspaso de cualquier título o participación que posean los Codemandados en el inmueble objeto de este pleito, a nombre propio o a nombre de terceros.

3. Se solicita además de este Honorable Tribunal que ordene el cumplimiento específico del contrato de compraventa otorgado entre las Partes, coordinando la firma de la correspondiente Escritura de Compraventa. En la alternativa, se solicita que se ordene el otorgamiento de la Escritura de Compraventa mediante la comparecencia del Honorable Alguacil de este Tribunal.[4]

Según la trayectoria de los hechos, se desprende de los autos que los Apelados presentaron los correspondientes emplazamientos el 3 de marzo de 2025, los cuales fueron expedidos por el foro primario el 4 de marzo de 2025. Estos emplazamientos fueron

---

[4] Véase, SUMAC TPI, Entrada 1. pág. 4.

dirigidos a: Diana Margarida Godoy,[5] Gladys Margarida Godoy,[6] Mari Nilda Margarida Umpierre,[7] María del Carmen Margarida Godoy,[8] Rafael Margarida Umpierre,[9] Teresa Margarida Godoy,[10] Wanda López Cortés y,[11] finalmente, Rafael Margarida Godoy.[12]

Posteriormente, el 25 de marzo de 2025, los Apelados presentaron *Moción Informativa Solicitando Emplazamientos Adicionales*.[13] Por virtud de este escrito, solicitaron autorización para expedir los emplazamientos correspondientes a Zoé Mercado Blasini y al "Tutor(a) de Mari Nilda Margarida Umpierre", los cuales fueron expedidos el 26 de marzo de 2025.[14]

Tras varios asuntos procesales, el 11 de junio de 2025, las Apelantes, presentaron *Moci[ó]n Solicitando de* [sic] *Desestimaci[ó]n de la Demanda*.[15] En esta, puntualizaron que en la demanda se incluyeron partes indispensables requeridas en un caso contra una sucesión. Arguyeron además que, los Apelados, no expusieron una reclamación que amerite la concesión de un remedio y, que de igual forma, éstos exigían el cumplimento de un contrato nulo o anulable.

En respuesta, el 18 de junio de 2025, los Apelados presentaron *R[é]plica a Moci[ó]n Solicitando Desestimaci[ó]n de la Demanda y en Cumplimiento de Orden*.[16] En este escrito, argumentaron que los fundamentos de las Apelantes en su moción de desestimación eran inválidos. Concretamente, destacó que "las controversias planteadas en la Demanda y en las alegaciones responsivas de los Codemandados, quedarán todas resueltas a favor de los Demandantes una vez se declaren los Codemandados

---

[5] Véase, SUMAC TPI, Entrada 5.
[6] Véase, SUMAC TPI, Entrada 6.
[7] Véase, SUMAC TPI, Entrada 7.
[8] Véase, SUMAC TPI, Entrada 8.
[9] Véase, SUMAC TPI, Entrada 9.
[10] Véase, SUMAC TPI, Entrada 10.
[11] Véase, SUMAC TPI, Entrada 11.
[12] Véase, SUMAC TPI, Entrada 12.
[13] Véase, SUMAC TPI, Entrada 13.
[14] Véase, SUMAC TPI, Entrada 14.
[15] Véase, SUMAC TPI, Entrada 24.
[16] Véase, SUMAC TPI, Entrada 31.

emplazados conforme a derecho y una vez se desarrolle el periodo de descubrimiento de prueba [...]".[17]

Ulteriormente, el 19 de junio de 2025, los Apelados presentaron *Moci[ó]n Acompa[ñ]ando Emplazamientos Diligenciados A Las Codemandadas Zoe Mercado Blasini Y Wanda L[ó]pez Cortes*,[18] *Moci[ó]n Corrigiendo Anejo de Emplazamiento Diligenciado a la Codemandada Zoe Mercado Blasin*[19] y *Moci[ó]n Informativa Anejando Emplazamientos Diligenciados Personalmente a Mar[í]a del Carmen Margarida Godoy, Mari Nilda Margarida Godoy y Diana Margarida Godoy.*[20]

De la misma forma, el 20 de junio de 2025, los Apelados radicaron *Moci[ó]n Solicitando que se Tenga por Emplazada a Teresa Margarida Godoy y se le Anote la Rebeld[í]a,*[21] y *Moci[ó]n Solicitando que se Tenga por Emplazada a Gladys Margarida Godoy y se le Anote la Rebeld[í]a.*[22] En esencia, por virtud de estas dos (2) mociones, los Apelados explicaron que el emplazador que contrataron realizó una investigación para identificar el paradero tanto de la señora Teresa Margarida Godoy, así como de la señora *Gladys Margarida Godoy* pero no logró localizarla. Ante esto, le solicitó al foro primario que diera por emplazadas a estas dos (2) partes, y a su vez, le anotara la rebeldía.

Evaluadas estas dos (2) mociones, el 24 de junio de 2025, el foro primario emitió dos (2) órdenes mediante las declaró *No Ha Lugar* las solicitudes de los Apelados.[23] En las referidas órdenes, el foro primario dispuso que se daría por emplazada una parte a la que no se ha realizado el emplazamiento.

---

[17] Véase, SUMAC TPI, Entrada 31, pág. 3.
[18] Véase, SUMAC TPI, Entrada 32.
[19] Véase, SUMAC TPI, Entrada 33.
[20] Véase, SUMAC TPI, Entrada 34.
[21] Véase, SUMAC TPI, Entrada 35.
[22] Véase, SUMAC TPI, Entrada 36.
[23] Véase, SUMAC TPI, Entradas 42-43.

Así las cosas, el 5 de septiembre de 2025, el foro *a quo* dictó *Sentencia.*[24] Por virtud de esta, el foro primario destacó que no se presentó prueba respecto al diligenciamiento de los emplazamientos dirigidos Gladys Margarida Godoy, Rafael Margarida Umpierre, Teresa Margarida Godoy y Rafael Margarida Godoy, los cuales fueron expedidos el 4 de marzo de 2025. En armonía con lo anterior, el foro primario concluyó que, en el presente caso, los Apelados incumplieron con el término imprescriptible de ciento veinte (120) días para emplazar. De esta forma, el foro primario dictaminó lo siguiente:

> Transcurrido el término dispuesto en la Regla 4.3(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3, para el diligenciamiento de los emplazamientos y no habiéndose presentado prueba de que los codemandados Gladys Margarida Godoy, Rafael Margarida Umpierre, Teresa Margarida Godoy y Rafael Margarida Godoy fueron emplazados conforme a derecho, siendo partes indispensables; y ante lo resuelto por el Tribunal Supremo en Bernier González v. Rodríguez Becerra, supra; este tribunal desestima la demanda en su totalidad, y ordena el archivo sin perjuicio.[25]

No empece a este resultado, el 11 de septiembre de 2025, las Apelantes presentaron *Moci[ó]n de Reconsideraci[ó]n a Sentencia de Desestimaci[ón] sin Perjuicio.*[26] Al amparo de este escrito, destacaron el caso SJ2021CV0846 y esbozaron que "dicho caso y el presente incluyen las mismas partes, los mismos hechos y se solicita el mismo remedio. Al tomar conocimiento judicial podrá ver que al igual que en el presente caso la demanda fue desestimada por incumplimiento con lo dispuesto en la Regla 4.3 (c) de Procedimiento Civil".[27] Por tal motivo, solicitaron que la demanda fuera desestimada con perjuicio en lugar de sin perjuicio.

Evaluado este escrito, en igual fecha, el foro primario declaró *No Ha Lugar* la moción de reconsideración. A su vez, el 16 de

---

[24] Véase, SUMAC TPI, Entrada 48.
[25] Véase, SUMAC TPI, Entrada 48, pág. 6.
[26] Véase, SUMAC TPI, Entrada 51.
[27] Véase, SUMAC TPI, Entrada 51, págs. 2-3.

septiembre de 2025, los Apelados presentaron *Moci[ó]n Sobre Reconsideraci[ó]n de Sentencia Final,*[28] la cual fue declarada *No Ha Lugar* ese mismo día.[29]

Inconforme aun, el 6 de octubre de 2025, las Apelantes presentaron el recurso de epígrafe y formularon el siguiente señalamiento de error:

> Erró el Honorable Tribunal de Primera Instancia al decretar la desestimación sin perjuicio de la demanda, cuando procedía decretarla con perjuicio conforme a lo dispuesto en la Regla 4.3(c) de Procedimiento Civil, por tratarse de una segunda desestimación por incumplimiento con el término para diligenciar el emplazamiento, la cual opera como una adjudicación en los méritos.

El 8 de octubre de 2025, esta Curia emitió *Resolución* mediante la cual se le concedió a los Apelados hasta el 5 de noviembre de 2025 para que presentaran su postura. Oportunamente, el 4 de noviembre de 2025, los Apelados presentaron *Réplica a Apelación.* Con el beneficio de la comparecencia de las partes, procedemos a exponer la normativa jurídica aplicable al caso ante nuestra consideración.

## II.

### *A. Emplazamiento*

En nuestro ordenamiento jurídico, el emplazamiento es el mecanismo procesal que permite al tribunal adquirir jurisdicción sobre la persona de la parte demandada, de forma tal que ésta quede obligada a la sentencia final que se dicte. *Martajeva v. Ferré Morris y otros,* 210 DPR 612, 620 (2022). Así pues, este mecanismo constituye "el paso inaugural del mandato constitucional que cobija a toda persona demandada, viabilizando el ejercicio de jurisdicción judicial". *SLG Rivera-Pérez v. SLG Díaz-Doe,* 207 DPR 636, 647 (2021).

---

[28] Véase, SUMAC TPI, Entrada 53.
[29] Véase, SUMAC TPI, Entrada 54.

Por tanto, el emplazamiento es parte esencial del debido proceso de ley, por lo que, su cumplimiento no es una mera formalidad. *Martajeva v. Ferré Morris y otros, supra,* pág. 620. Mediante este mecanismo procesal se notifica al demandado sobre la existencia de una reclamación incoada en su contra. *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 644 (2018).

Al respecto, el estado de derecho vigente procura el cumplimiento estricto del emplazamiento:

> La parte demandante tiene la obligación de dar cumplimiento estricto a los requerimientos del emplazamiento, incluso su diligenciamiento, ya que existe una política pública que requiere que la parte demandada sea emplazada y notificada debidamente para evitar el fraude y que los procedimientos judiciales se utilicen para privar a una persona de su propiedad sin el debido proceso de ley. *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 480 (2019).

Esta política pública garantiza el correcto emplazamiento, lo cual tiene mayor peso que el principio de economía procesal. *Bernier González v. Rodríguez Becerra, supra,* págs. 644-645. A tenor con lo anterior, la Regla 4.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3(c) establece el proceso y el término para diligenciar el emplazamiento:

> El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos.

Sobre este particular, el Tribunal Supremo de Puerto Rico resolvió en el caso *Ross Valedón v. Hosp. Dr. Susoni et al.*, 213 DPR 481, 492 (2024), que "ante un primer incumplimiento con el término de 120 días para diligenciar los emplazamientos, los tribunales están obligados a dictar prontamente una sentencia decretando la

desestimación y el archivo sin perjuicio de la reclamación judicial" (Énfasis suprimido). De tal manera, se reitera que la Regla 4.3 de Procedimiento Civil, *supra*, no provee discreción al tribunal para extender el término para emplazar, pues éste es improrrogable. *Bernier González v. Rodríguez Becerra, supra*, pág. 649.

**III.**

En el caso que nos ocupa, las Apelantes nos solicitan que modifiquemos la sentencia apelada a los únicos efectos de establecer que la desestimación del pleito opere con perjuicio. En su único señalamiento de error, las Apelantes esbozan que, el foro primario incidió al decretar la desestimación sin perjuicio pese a tratarse de una segunda desestimación por incumplimiento con el término para diligenciar un emplazamiento.

No existe controversia en torno a que en el presente caso no se emplazó a Gladys Margarida Godoy, Rafael Margarida Umpierre, Teresa Margarida Godoy y Rafael Margarida Godoy en el término provisto por la Regla 4.3 de Procedimiento Civil, *supra*. Únicamente está ante nuestra consideración determinar si la desestimación debe ser con perjuicio o no.

A esos fines, tras examinar Sistema Unificado de Manejo y Administración de Casos ("SUMAC"), encontramos que en el caso SJ2021CV08146, los Apelantes presentaron una demanda, por las mismas causas de acción contra las mismas partes que aparecen en el caso de epígrafe. No obstante, en el referido caso, el foro primario emitió *Sentencia* el 22 de diciembre de 2023 en la dispuso lo siguiente:

> Los emplazamientos a nombre de los miembros de la Sucesión Margarida Umpierre, fueron expedidos el 13 de diciembre de 2021. Posteriormente, el demandante, con la autorización del Tribunal, enmendó la demanda para corregir y sustituir el segundo apellido de los miembros de la Sucesión Umpierre para que en adelante se llamara la Sucesión Margarida Godoy. **No obstante, transcurrió el término dispuesto en la Regla 4.3(c) de Procedimiento Civil, LPRA AP. V. R. 4.3 para diligenciar los emplazamientos a las codemandadas Teresa Margarida**

**Umpierre y Gladys Margarida Umpierre, y no se ha presentado prueba de que se haya efectuado** (Énfasis nuestro).[30]

Ante esto, el foro primario desestimó sin perjuicio, la totalidad de la demanda. Nótese que, previo a la radicación de la demanda que inició el presente pleito ya existía una determinación en la que se desestimó, **sin perjuicio,** las causas de acción instadas por los Apelantes por incumplimiento con los términos para emplazar. Ahora bien, la Regla 4.3 de Procedimiento civil es clara en cuanto a que "[t]ranscurrido dicho término sin que se haya diligenciado el emplazamiento, el tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. **Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos**. (Énfasis nuestro)". Es decir, nuestro ordenamiento jurídico obliga a los foros primarios a desestimar **con perjuicio** un caso cuando se incumplan con los términos para emplazar por segunda ocasión, tal y como ocurrió en el caso de marras. Por tal motivo, corresponde modificar sentencia apelada a los únicos efectos de que la desestimación total de la demanda sea con perjuicio.

**IV.**

Por los fundamentos previamente esbozados, **modificamos** la sentencia apelada, a los únicos efectos de que la desestimación del pleito sea con perjuicio, y así modificada, **confirmamos**.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones

---

[30] Véase, SUMAC TPI, en el caso SJ2021CV08146, Entrada 48, págs. 7-8.